BEATRICE GREENBERG, ADMINISTRATRIX, ETC., RE-
SPONDENT, v. LOUIS WEISBERG ET UX., APPELLANT. °

Submitted January 22, 1926—Decided May 7, 1926.

**Sale of Real Estate—Recovery of Deposit—Vendor Agreed at
His Own Expense to Secure a Building and Loan Mortgage
—This He Failed to do—Plaintiff's Judgment to Recover De-
posit Affirmed.**

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Isserman & Isserman*.

For the respondent, *Aaron Levinstone*.

PER CURIAM.

This suit was brought to recover a deposit of $1,000 paid
under a written agreement dated May 15th, 1924, for the
sale and purchase of premises known as Nos. 34½, 36, 38
Vesey street, Newark, New Jersey, for $17,500. Title to be
passed on July 15th, 1924. The contract provided that the
defendants were to procure, at their own expense, a building
and loan mortgage for $8,000; that if the defendants were
unable to procure the mortgage, then, at the option of the
plaintiff, the contract was to become null and void. The
case was tried in the Essex County Circuit Court, resulting
in a directed verdict for the plaintiff.

There are three grounds of appeal filed; the first two refer
to the overruling two questions, both of which were designed
to change or modify the terms of a written contract by parol
in violation of the well-established rule of evidence. *Johnson*
v. *Buck*, 35 *N. J. L.* 338. This was not error. The third
ground of appeal, error in directing a verdict by the trial
court in favor of the plaintiff. The undisputed evidence

shows the failure to close the title was because the defendant's failure to comply with the terms of the contract as to the amount of mortgage which they were to obtain before conveying the property. It was to be subject to that mortgage, viz., $8,000, which the plaintiff refused to accept otherwise. This was not error.

Finding no error in the record the judgment of the Essex County Circuit Court is affirmed.